United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60084
Conference Calendar

_____

JIMMY L. TURNER,

                                        Plaintiff-Appellant,

versus

HALEY BARBOUR, Governor of Mississippi; DONALD A. CABANA,
Superintendent; CHRISTOPHER B. EPPS, Mississippi Department of
Corrections System Commissioner; BILL STEIGER, Mississippi State
Penitentiary Hospital Unit 42; BRIAN LADNER, CMCF-7/20, Associate
Warden; ET AL,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CV-380
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Jimmy L. Turner, Mississippi prisoner # 57300, has filed a

motion to proceed in forma pauperis (IFP) on appeal, challenging

the district court's certification that his appeal is not taken

in good faith.  See Baugh v. Taylor, 117 F.3d 197, 199-202 (5th

Cir. 1997).  The district court dismissed the suit for failure to

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exhaust, pursuant to 42 U.S.C. § 1997e, and denied permission to proceed IFP on appeal.

Turner has not demonstrated any nonfrivolous ground for appeal. He argues only that he is entitled to proceed IFP because he is financially eligible, because he submitted the appropriate documentation of his poverty, and because at all times he has been in imminent danger of injury and has been seriously physically injured. He makes no argument regarding the dismissal of his complaint for failure to exhaust. Turner's IFP motion is denied, and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Turner is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.